## Turner v. Smith.

(Decided Oct. 1, 1937.)

BROCK & JONES for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, D. Y. Turner, owned a lot in the city of Harlan, and on September 24, 1923, he deeded, for a valuable consideration, a de-

scribed portion of it to the appellee and plaintiff below, M. G. Smith. In that deed there was contained this stipulation: "It is agreed between the parties hereto that should either of the parties desire at anytime to construct a wall along the line between the parties hereto from the southeast corner of said property to the north line of Central street, that said wall shall be constructed along the line of said parties hereto, and shall be of brick, but not less than 18 inches in thickness, one half of said wall to be upon the property of each of said parties, and that the party constructing said wall shall pay the cost of construction thereof, but that the other party, his heirs and assigns, shall have at any time, the privilege of the use of said wall and an undivided one half interest therein upon the payment of one half of the cost thereof and either party may thereafter extend the said wall at his own cost, but the other party, his heirs and assigns may have the use of the said extension and one half undivided interest therein upon the payment to said party so constructing said extension of one half the cost thereof, it being understood and agreed that the said party wall herein provided for may connect with and as an extension of the property wall agreed to in said deed from the party of the second part to the party of the first part above referred to."

In 1927 plaintiff constructed a brick wall, of the described kind, on the line mentioned in the stiuplation, at a total cost of $783, and it was done so as to make the line between the divided lot at the center of the wall. Some years thereafter defendant erected on the remaining portion of his lot two small frame outbuildings, one outside wall of which was erected against or immediately contiguous to the brick wall that plaintiff had so built. The outside contiguous wall of those two buildings consisted of two by four upright pieces of timber resting upon a sill laid upon the ground next to the brick wall with ceiling lumber nailed thereto on the inside of the uprights; but the proof shows, by plaintiff, and every other witness who testified in the case, that no sort of attachment of any kind or character was made to the brick wall. No brick or plastering was interfered with and nothing resembling a physical attachment of the frame work to the brick wall was made. Conceiving that such action on the part of defendant was an appropriation of so much of that wall as ran along by the side of his constructed outbuildings as to obligate him, under

the inserted stipulation from the deed, to pay to plaintiff one-half of the cost price of the wall, the latter filed this ordinary action against defendant in the Harlan circuit court to recover judgment against him for the sum of $391.50.

Defendant's answer denied any appropriation of the wall by him, and likewise denied every averment in the petition in any wise supporting plaintiff's alleged cause of action. At the close of plaintiff's testimony (which proved no fact other than as above stated), defendant moved for a peremptory instruction in his favor, which the court overruled. He then introduced his testimony, which in all material respects was the same as that introduced by plaintiff, and at its close he made the same motion, which the court likewise overruled, and to all of which defendant duly excepted. The jury impaneled to try the case returned a verdict in favor of plaintiff for the amount sued for, upon which the court rendered judgment, and defendant's motion for a new trial having been overruled, he has filed a transcript of the record with this court with a motion for an appeal. The only ground argued for a reversal of the judgment is the contention that the court erred in overruling defendant's motions for a directed verdict in his favor.

To begin with, it is doubtful if plaintiff has adopted the proper remedy for the enforcement of his rights growing out of the inserted excerpt from the deed, even if it should be determined that what defendant did was an appropriation of portions of the wall constructed by plaintiff, since under the wording of that excerpt it appears that defendant would have the right at any time after the construction of the wall to acquire a one-half interest therein by tendering to plaintiff one-half of its cost; and that thereafter he could make such an appropriation of the wall consistent with his rights as half owner of it as he saw proper. However, plaintiff is proceeding on the idea that a prior appropriation of any part of the wall ipso facto matures defendant's obligation to pay for half of it as stipulated in the excerpt, when a literal interpretation thereof would make defendant, in such circumstances, a trespasser upon plaintiff's property, and that the latter's remedy would be, either to enjoin such trespass, or to recover damages therefor. But we have concluded to treat the case, and to dispose of it, upon the theory adopted by plaintiff and to determine it upon the sole proposition as to whether or not

defendant, under the undisputed facts, appropriated any part of the brick wall within the meaning contemplated by the language of the excerpt from the deed. We are clearly of the opinion that what defendant did was not in any sense an appropriation or use of any part of the wall.

It will be observed that the excerpt provides for "the use of said wall" by defendant, and unless he did enough to make his actions that of a "use of said wall," he did not make it serve his purpose, since the word "use," as applied to an object within the contemplation of the excerpt from the deed, means that the user shall employ or in some manner appropriate the object so as to serve his own purpose and to accomplish an end which, without the use of the object, would not be accomplished. Beginning on page 65 of volume 66 Corpus Juris, the writer of the text gives many definitions of the word, in which is found this: "In its primary meaning 'use' as a noun may signify the act of employing anything, or the state of being employed; the act of employing anything, or of applying it to one's service; the act of employing; the act of using; applying to one's service; the state of being used, employed, or applied," etc. In the notes to that text on page 66 there are cited the same definitions as given in the Century Dictionary, Webster's Dictionary, and Standard Dictionary, and likewise cases from many courts, both state and federal, in the United States.

Defendant in this case had the right to the use of all of his lot not occupied by any portion of the brick wall, and if he only erected against it one wall of his buildings adjacent thereto without appropriating any part of the wall, he did not make the latter serve his purpose in any particular, and the evidence shows uncontradictedly that he meticulously followed that course. Clearly it could not be contended that any incidental service of the wall to defendant, growing out of *its* mere construction in the manner stipulated in the excerpt from the deed, would be an appropriation of the wall to defendant's service, since if such interpretation should be adopted, then under plaintiff's theory defendant would be obligated to pay for one-half the wall immediately upon its construction without further actions on his part. Therefore, no service of the wall, such as creating privacy to defendant's premises, could or would be an appropriation of the wall by defendant so as to obligate him to

contribute to any part of the cost of its construction. So that, before he could be charged with appropriating any part of the wall, he must devote some portion of it to his service after it was constructed in a way to create a new service over, above, beyond, or in addition to the incidental service to him growing out of the mere construction of the wall by plaintiff.

Perhaps if his lot was uninclosed and he should attach a fence to the two ends of the wall, so as to inclose his lot and make the latter serve as a fence along that line of his lot, it might be said that he had appropriated the wall in a manner to obligate him to pay his half the cost thereof. But we have no such case here, since all the defendant did was to construct a building against the wall without appropriating any portion of it as forming any part of that building. Conceding, therefore, plaintiff's right to maintain this action for one-half of the cost of the wall upon the appropriation of any part of it by defendant, his right to do so must fail in this case because there has been no such appropriation. It follows that the court erred in overruling defendant's motion for a peremptory instruction at the close of plaintiff's testimony, and likewise erred in overruling a similar one at the close of all of the testimony.

Wherefore, the motion for the appeal is sustained and the appeal is granted, and the judgment is reversed, with directions to sustain defendant's motion for a new trial, and for proceedings consistent with this opinion.